No. 84-150

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

---

DAVID HUTCHINSON,

        Claimant and Respondent,

   -vs-

PIERCE PACKING COMPANY,
           Employer,

   and

INTERMOUNTAIN INSURANCE COMPANY,

*Defendant and Appellant,*

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
                Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Crowley, Haughey,Hanson, Toole & Dietrich; Terry G.
        Spear argued, Billings, Montana

    For Respondent:

        Kelly & Halverson, P.C.; Sheehy, Prindle & Finn;
        Patrick R. Sheehy argued, Billings, Montana

---

              Submitted: June 6, 1985

              Decided: December 6, 1985

Filed:    DEC - 6 1985

                          Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

David Hutchinson, claimant, was injured in April 1981. He executed a final settlement in September 1981. In December 1982, he petitioned the Workers' Compensation Court for rescission of the settlement agreement and reinstatement of benefits. The court rescinded the agreement and awarded permanent total disability benefits. Intermountain Insurance Company (Intermountain) appeals. We affirm in part and reverse in part. Our initial opinion, which was decided December 11, 1984, is withdrawn.

The issue is whether the record supports the Workers' Compensation Court decision to set aside the final settlement on the basis of mutual mistake of the parties or on the basis of good cause shown?

In April 1981, while in the course of his employment at Pierce Packing Company, Hutchinson fell down an elevator shaft striking his lower back against the edge of the elevator shaft. He landed on his feet and immediately began experiencing pain in his lower back, legs and feet. Following the accident, Hutchinson was assigned the job of pulling hams out of ham presses. While doing so, the rack fell on Hutchinson striking him on the right shoulder blade, the center of his back and his right leg. He experienced immediate pain. After several months of treatment, he executed a final settlement in September 1981. In December 1982, ' he petitioned the Workers' Compensation Court for rescission of the settlement agreement with a request for reinstatement of benefits.

Claimant testified that his condition had substantially worsened since the settlement in September 1981. He testified that he is now dragging his left leg, which he did not do before, and that he has an "irritated feeling" on the top of his leg as if he had an open sore in that area. He also

testified that both of his big toes become numb and that he has considerably more back pain than he had prior to September 1981. He testified that the pain from his back has now become so severe that he is unable to sleep and that he has extreme difficulty with bowel movements because of radiating pain in his back. Claimant also presented evidence with regard to a disability rating change by the Veteran's Administration, but that evidence is not properly before this Court.

The Workers' Compensation Court made various findings of fact, which included the following:

> 12. Prior to the Final Settlement, the claimant was experiencing sharp pains in his lower and central back that increased with increased physical activity, numbness and tingling in his left and right calves, tingling and numbness in his big toes; his legs hurt. . . .

> 13. At the time of trial, the claimant's back pain had increased significantly and he experienced more pain than before with increased physical activity. He now drags his left leg and has an irritating feeling on top of one of his legs. He now gets less sleep at night because his back pain now awakens him two to three times a night and he cannot return to sleep until he "cracks" his back. He now must crack his back more than he did prior to his Final Settlement to relieve his back pain. The numbness in his calves is now more constant. He now must evacuate his bowels more frequently; if he does not do so, the pain that radiates from his back increases.

The court further noted that claimant could not return to any jobs for which he was trained because of his disability and there was no prospect of finding employment in the normal labor market.

The court then entered its ruling setting aside the settlement. It based its ruling on the doctrine of mutual mistake contained in Kienas v. Peterson (Mont. 1980), 624 P.2d 1, 37 St.Rep. 1747. The judge found as a matter of law that "the parties were laboring under an unconscious

3

ignorance about the claimant's condition when they entered the Final Settlement; this was a material mistake that prevented the free consent of the parties." He therefore concluded that the claimant was entitled to rescind the final settlement. The court made its order rescinding the agreement and awarded permanent total disability benefits to the claimant.

On the question of mutual mistake of the parties, Intermountain argues that the worsening of a known injury or condition should not be grounds for a rescission of a settlement agreement. It argues that the risk of a worsening condition was known by the claimant and the insurance company when the settlement was made. The company further notes that a change in symptoms should not be equated with a change in disability unless there is concrete evidence of greater disability. It argues that where there is only testimony on the part of a claimant, neither the "mutual mistake doctrine" nor the "good cause" theory justifies setting aside the final settlement.

The claimant argues that under the statute, he may "for good cause shown" rescind the final settlement. He states this is a proper standard to be applied and not the "mutual mistake of fact" standard under <u>Kienas</u>. In particular, claimant argues that under the Workers' Compensation Court finding no. 13, there is a sufficient worsening of condition to constitute a good cause for reopening.

Because of the differences in procedure and the amendment of pertinent statutes in 1979 and 1981, we will review the procedures by which a claimant may seek a change in a settlement. The pertinent sections in this discussion are the following:

<u>39-71-204. Rescission, alteration, or amendment by division of its orders, decisions, or awards -- limitation --</u>

4

effect. (1) Except as provided in subsection (2), the division shall have continuing jurisdiction over all its orders, decisions, and awards and may, at any time, upon notice, and after opportunity to be heard is given to the parties in interest, rescind, alter, or amend any such order, decision, or award made by it upon good cause appearing therefor.

(2) The division or the workers' compensation judge shall not have power to rescind, alter, or amend any final settlement or award of compensation more than 4 years after the same has been approved by the division. Rescinding, altering, or amending a final settlement within the 4-year period shall be by agreement between the claimant and the insurer. If the claimant and the insurer cannot agree, the dispute shall be considered a dispute for which the workers' compensation judge has jurisdiction to make a determination. Except as provided in 39-71-2908, the division or the workers' compensation judge shall not have the power to rescind, alter, or amend any order approving a full and final compromise settlement of compensation.

(3) Any order, decision, or award rescinding, altering, or amending a prior order, decision, or award shall have the same effect as original orders or awards.

39-71-2909. Authority to review, diminish, or increase awards -- limitation. The judge may, upon the petition of a claimant or an insurer that the disability of the claimant has changed, review, diminish, or increase, in accordance with the law on benefits as set forth in chapter 71 of this title, any benefits previously awarded by the judge or benefits received by a claimant through settlement agreements. However, the judge may not change any final settlement or award of compensation more than 4 years after the settlement has been approved by the division or any order approving a full and final compromise settlement of compensation.

39-71-121. Disability defined. A worker is disabled when his ability to engage in gainful employment is diminished as a result of impairment, which in turn may be combined with such factors as the worker's physical condition, age, education, work history, and other factors affecting the worker's ability to engage in gainful employment. Disability is not a purely medical condition. Disability may be temporary total, permanent total,

5

or permanent partial as defined in 39-71-116.

> 39-71-122. Impairment defined. Impairment means any anatomic or functional abnormality or loss of bodily function. Impairment refers to functional use of the body and is a purely medical condition. Permanent impairment is any anatomic or functional abnormality or loss of bodily function after the maximum medical rehabilitation has been achieved. The anatomic or functional abnormality or loss must be considered stable by the physician at the time the impairment rating evaluation is made. An impairment rating is purely a medical determination. Impairment may or may not result in disability.

We also point out that §§ 39-71-121 and -122, MCA, were added by the legislature in 1981. Under the same act which added those sections, the legislature provided that § 39-71-116(12),(13) & (19), MCA, were amended so as to include in the definitions of permanent partial disability, permanent total disability, and temporary total disability, a requirement that "[d]isability shall be supported by a preponderance of medical evidence."

I

So far as the division is concerned, § 39-71-204(1), MCA, provides that the division has continuing jurisdiction to rescind or amend orders "upon good cause appearing." Apparently that power was modified by the 1979 amendment of § 39-71-204(2), MCA, which provides that the division has power to rescind, alter or amend only by agreement between a claimant and an insurer.

In 1979, § 39-71-204(2), MCA, was amended to provide that rescission, alteration or amendment of a final settlement shall be by agreement; but in the absence of agreement, it is a dispute for which the workers' compensation judge has jurisdiction. As pointed out in the present case by the workers' compensation judge, that code section does not set a specific standard or test. While

6

§ 39-71-204, MCA, does not specifically state that the standard of "good cause appearing" shall be applied by the judge, that follows logically from a liberal construction as required under § 39-71-104, MCA. We therefore hold that under § 39-71-204, MCA, the workers' compensation judge has jurisdiction to rescind, alter or amend a final settlement "upon good cause appearing therefor."

In 1979, the legislature also amended § 39-71-2909, MCA. Under § 39-71-2909, MCA, a workers' compensation judge has jurisdiction to rescind, alter or amend a final settlement upon a showing that "the disability of the claimant has changed."

In this case, Hutchinson petitioned for approval of a final settlement. Intermountain concurred in that petition which stated an agreement had been reached regarding the amount of compensation due. The petition also contained a statement that claimant and insurer understood that an order approving the petition for final settlement may "for a good cause" be rescinded, altered or amended by the division within four years. The Order Approving Final Settlement dated September 28, 1981, stated in part:

> IT IS ORDERED that the petition for final settlement be approved, and that upon payment of the amount specified in the petition, the claim shall be closed as finally settled. Under the Workers' Compensation Act, the Division may, for good cause, rescind, alter or amend this final settlement within four (4) years from the date of the settlement.

The petition for rescission of the foregoing Order was made to the workers' compensation judge.

Our initial question is whether the judge may rescind the order of final settlement under either §§ 39-71-204 or -2909, MCA. Under § 39-71-204, MCA, the claimant may request rescission from the judge on a theory of good cause appearing for such a rescission. Under § 39-71-2909, MCA, a claimant

7

may petition the judge for a rescission of the final settlement on the ground that the disability of the claimant has changed. We conclude that the claimant has alternate statutory theories available.

It is important to bear in mind that the statutes authorize rescission of a final settlement agreement, but do not authorize rescisssion of a full and final compromise settlement. These are different settlement agreements. In the present case, we have an order approving final settlement. In contrast, in Kienas, a full and final compromise settlement was involved. While under the provisions of §§ 39-71-204 and -2909, MCA, the judge is not granted the power to rescind an order approving a full and final compromise settlement, under Kienas a full and final compromise settlement may be set aside for mutual mistake.

## II

The workers' compensation judge granted rescission on the basis of mutual mistake between the claimant and insurer, and relied upon Kienas for authority. The claimant in Kienas received an injury to his lower back for which he was granted an award on a full and final compromise settlement basis. The Court concluded that both parties labored under a material mistake as to the nature and extent of the claimant's injuries, and in addition, neither party was aware of the disability resulting from the preexisting cerebral palsy. The Court concluded a mutual mistake had been made by the claimant and insurer, the contracting parties. Therefore, the Court authorized the setting aside of the full and final compromise settlement based on mutual mistake of fact. Because we approve the conclusion of the Workers' Compensation Court on a different theory, we do not find it necessary to determine if the claimant has met the mutual mistake test of Kienas.

8

We hold that the findings of fact of the Workers' Compensation Court afford a basis sufficient for a rescission by the workers' compensation judge for good cause under § 39-71-204, MCA, and also a sufficient basis to establish that the disability of the claimant has changed as required under § 39-71-2909, MCA. We therefore affirm the rescission of the final settlement by the Workers' Compensation Court.

III

We are not able to affirm the judgment of the Workers' Compensation Court that certain payments be made to the claimant for permanent total disability benefits. In reaching its conclusion, the Workers' Compensation Court did not adequately consider the 1981 amendments to §§ 39-71-116, -121 & -122, MCA. Section 39-71-116(13), MCA, defines permanent total disability and concludes with the statement that "[d]isability shall be supported by a preponderance of medical evidence." Under § 39-71-121, as enacted in 1981, a worker is disabled when his ability to engage in employment is diminished as a result of impairment. Impairment is defined in § 39-71-122 as a purely medical condition based upon an impairment rating evaluation by a physician.

The record in this case does not contain a preponderance of medical evidence sufficient to meet the statutory requirements of § 39-71-116, MCA, as to permanent partial disability, temporary total disability, or permanent total disability. As a result we are not able to affirm the award of permanent total disability benefits by the Workers' Compensation Court. An opportunity to present further evidence is needed on the part of both parties.

We affirm the portion of the judgment of the Workers' Compensation Court rescinding the final settlement. We remand the cause for further proceedings on the issue of disability benefits, with any determination of such disability to be

completed in accordance with this opinion and appropriate statutory requirements.

In connection with this remand, we point out that 39-71-116(19) was amended in 1985 to provide that "[a] worker shall be paid temporary total disability benefits during a reasonable period of retraining." In the present case, based upon previous case authority, the lower court had concluded that a determination of permanent total disability was required prior to the entry of an order providing benefits during a reasonable period of retraining.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

_____
Hon. Thomas Honzel, District Judge,
sitting in place of Mr. Justice
John C. Sheehy

10